IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CRYSTAL SHAMBLIN, an individual, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> 1. MACY'S LOGISTICS, LLC, a foreign ) <br> corporation, ) <br> ) <br> Defendant. ) <br> ) | Case No. 21-CV-130-JED-JFJ <br><br> JURY TRIAL DEMANDED <br><br><br> ATTORNEY'S LIEN CLAIMED <br> FOR THE FIRM |

## COMPLAINT

**COMES NOW** the Plaintiff, Crystal Shamblin ("Plaintiff"), through her attorneys of record, Charles C. Vaught and Jessica N. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2615 *et. seq.* (the "FMLA") and Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") against Defendant, The Cato Corporation d/b/a Macy's Corporate Services, Inc ("Defendant"). In support thereof, Plaintiff hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff was, at all times relevant to this cause of action, employed by Defendant within the Northern District of Oklahoma.

2. Plaintiff was, at all times relevant to this cause of action, domiciled in and a citizen of the State of Oklahoma.

3. Plaintiff was, at all relevant times, an employee as defined by the FMLA in that she was employed with Defendant in excess of twelve (12) months and, during that time, worked in excess of 1,250 hours.

4. Plaintiff suffered from a "serious health condition(s)." Plaintiff's condition required Plaintiff to miss work, thus making her eligible for the protections afforded by the FMLA, though Plaintiff was denied that protection.

5. Defendant is an employer under the FMLA in that, at all relevant times, Defendant employed in excess of 50 employees within a 75-mile radius of Plaintiff's primary work site during each of 20 or more calendar workweeks in the current preceding calendar year.

6. Plaintiff was, at all times relevant hereto, an employee as defined by the FLSA in that she was employed by an employer.

7. Defendant is an employer, as that phrase is used under the FLSA, in that it is an enterprise employing more than 2 employees and has an annual dollar volume of sales in excess of $500,000.00.

8. The acts and/or omissions giving rise to this lawsuit occurred in Owasso, Tulsa County, State of Oklahoma.

9. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the laws of the United States.

10. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in the Northern District of Oklahoma.

## OPERATIVE FACTS

11. Defendant hired Plaintiff on October 5, 2016 as a Fulfillment Associate in its Owasso Warehouse.

12. On or about April 1, 2018, Plaintiff began suffering from pain in her foot, which made it difficult for her to stand and walk.

13. In August 2018, Plaintiff went to Claremore Podiatry where she was initially diagnosed with what her doctor believed was a fracture.

14. In September 2018, after undergoing an MRI, Plaintiff was diagnosed with a ganglion cyst manifesting in a large mass on her right foot.

15. Upon learning her diagnosis, Plaintiff filed and was approved for intermittent leave in September so she could attend her doctor's appointments without suffering repercussions for attendance issues at work.

16. While Plaintiff was on intermittent leave, she continued working for Defendant. During December 2018, she worked approximately 68 hours one week and was paid straight time for all hours worked. Plaintiff brought this to Defendant's attention and reminded Defendant's agents and/or employees that she was not exempt from payment of overtime and requested that she be paid overtime for hours worked in excess of 40 that week.  Defendant informed Plaintiff that they were unable to pay her overtime during this period because she was not technically on the schedule due to an error in the system which classified her as being on a permanent leave of absence.

17. Defendant's knew of its obligation to pay Plaintiff time and one-half for hours worked in excess of 40 in a given workweek, as demonstrated by its payment of the overtime premium in the past and, thus, Defendant willfully refused to comply with the Fair Labor Standards Act.

18. On January 28, 2019, Plaintiff underwent surgery performed by Dr. James Webb to remove her ganglion cyst.

19. Following her surgery, Dr. Webb ordered her to a continuous leave of absence for her foot to heal and faxed FMLA paperwork to Defendant's Human Resources Department. This leave commenced following the surgery and continued for six to eight weeks per Dr. Webb's orders.

20. On March 24, 2019, Plaintiff contacted Defendant's Human Resources Department as soon as she learned her full medical release date of March 26, 2019 and was informed that she was terminated.

## FIRST CLAIM
### (FMLA Interference)

17. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

18. Plaintiff gave Defendant adequate notice of her protected medical leave, pursuant to 29 U.S.C. § 2612.

19. At all times relevant to this action, Plaintiff's illness was a serious health condition, pursuant to 29 C.F.R. § 825.113(a).

20. Plaintiff was entitled to qualified FMLA medical leave pursuant to 29 C.F.R. § 825.200 which states:

    a. " (a) Except in the case of leave to care for a covered servicemember with a serious injury or illness, an eligible employee's FMLA leave entitlement is limited to a total of 12 workweeks of leave during any 12–month period for any one, or more, of the following reasons:

    b. (4) Because of a serious health condition that makes the employee unable to perform one or more of the essential functions of his or her job;"

21. Plaintiff's termination was a clear, direct, and substantial violation of 29 U.S.C. § 2615 which states, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under this subpart."

22. Defendant terminated Plaintiff as a discriminatory and/or retaliatory act against Plaintiff for exercising her right to qualified medical leave pursuant to the FMLA.

23. Defendant's denial of Plaintiff's FMLA medical leave and failure to restore Plaintiff to employment subsequent to that leave constitutes interference with Plaintiff's right to qualified FMLA medical leave.

24. Plaintiff is entitled to reinstatement, or front pay in lieu thereof, pursuant to 29 U.S.C. § 2614(a)(1).

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and liquidated damages; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### SECOND CLAIM
### (FMLA Retaliation)

25. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state as follows:

26. Defendant's refusal to allow Plaintiff to continue her employment in response to Plaintiff's request for FMLA leave constitutes a subsequent adverse employment action, pursuant to 29 U.S.C. § 2615.

27. Defendant refused to allow Plaintiff to continue her employment was a direct consequence of Plaintiff's request for qualified FMLA leave.

28. Plaintiff's termination was in retaliation for exercising her right to qualified FMLA medical leave, pursuant to 29 U.S.C. § 2615.

29. As a result of the aforementioned violations, Defendant thereby injured Plaintiff, depriving her of her rights and privileges of employment for using medical leave due to her serious chronic medical condition.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and liquidated damages; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### THIRD CLAIM
**(FLSA Violation- failure to pay overtime)**

30. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

31. At all times relevant to this cause of action, Plaintiff was employed by Defendant and regularly worked in excess of forty (40) hours per week in performance of duties assigned by Defendant.

32. Plaintiff is not exempt from the overtime compensation requirements of the FLSA under any exemptions set forth in the Act.

33. Defendant has a statutory duty to maintain accurate time records covering all hours Plaintiff worked and to compensate Plaintiff at a rate of one and one-half (1 ½) times her regular hourly wages for all hours worked in excess of forty in one week.

34. That the Defendant failed to pay time and a half for hours work in excess of 40 hours per workweek as required by the FLSA

35. That the Defendant's failure to pay overtime was willful, unreasonable, and/or done in bad faith and warrants an award of liquidated damages under the FLSA.

**WHEREFORE,** the Plaintiff prays for Judgment against the Defendant for unpaid overtime; liquidated damages in an equal amount to the unpaid overtime; and the cost of the action, including a reasonable attorney fee, and other relief the court deems is just and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By:  *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorneys for Plaintiff***